UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF BARRY BARNETT, *et al.*, | : | Case No. 1:06-cv-703 |
| | : | |
| Plaintiffs, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| | : | |
| METROPOLITAN LIFE | : | |
| INSURANCE CO., *et al.*, | : | |
| | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATION[1]: (1) THAT PLAINTIFFS' MOTION TO REMAND (Doc. 12) BE GRANTED; AND (2) THIS CASE BE CLOSED

Plaintiffs, the estate of Barry Barnett and his surviving spouse, Pamela Barnett, by counsel, seek an order remanding this action to the Hamilton County Court of Common Pleas.  The action was removed by Defendant Metropolitan Life Insurance Co. ("Metlife") on the grounds that the claims are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*  Plaintiffs contend, however, that the present action falls within an exception to the complete preemption doctrine and, as no other jurisdictional grounds exist, should be remanded to the state court.

For the reasons that follow, the motion for remand should be granted.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

**DISCUSSION**

Plaintiffs brought this action to recover the proceeds due under a group life insurance plan in which the decedent, Barry Barnett, enrolled in 1974.  (*See* Doc. 2.) Plaintiffs assert that Metlife erred when it determined that Barnett's former spouse, Defendant Cheri Barnett, was entitled to the insurance benefits.  Cheri was named beneficiary when Barnett enrolled in the plan in 1974.  Even though Barnett and Cheri divorced, remarried, and divorced again, and even though Barnett later married Pamela, the file documents apparently did not include a completed change of beneficiary form. Under the facts presented, it would appear that Metlife's decision is consistent with the Sixth Circuit decision in *Kmatz v. Metropolitan Life Ins. Co.*, No. 06-3826, 2007 WL 1310146 (6th Cir. May 7, 2007).

Plaintiffs maintain that Metlife erred in awarding benefits to Cheri because, under state law in Ohio, the dissolution of Barnett's marriage(s) to Cheri would have the same result as if she had predeceased him and, therefore, the proceeds should have been awarded to his estate.  *See* Ohio Rev. Code Ann. § 5815.33; *Kmatz*, 2007 WL 1310146, at *2.  Because it appears that a decision under state law would favor Plaintiffs, they seek a remand to the state court where this action was brought.

It is well established that state law claims arising under a group plan covered by ERISA are preempted by federal law, and that an action filed in state court may be removed to federal district court on the basis of federal question jurisdiction.  *See Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991), *cert.*

-2-

*dismissed*, 505 U.S. 1233 (1992). In the Sixth Circuit, however, there is an exception to the ERISA preemption doctrine where relevant acts or omissions affecting the claim occurred prior to January 1, 1975, the effective date of the ERISA legislation, even if the claim itself arose after that date. *See Hansmann v. Fidelity Invs. Inst. Servs. Co.*, 326 F.3d 760, 763 (6th Cir. 2003); *Stevens v. Employer-Teamsters Joint Council No. 84 Pension Fund*, 979 F.2d 444, 451 (6th Cir. 1992). A relevant act or omission is one which serves as the basis of a benefits decision. *See Seaman v. Johnson*, 184 F. Supp. 2d 642, 645 (E.D. Mich. 2002), *aff'd*, 91 Fed. Appx. 465 (6th Cir. 2004). For example, a post-1975 event will be deemed a relevant act if it "factored into" the benefits decision. *Id.*

Thus, the question presented in the motion for remand is whether Metlife's decision to award benefits to Cheri is based on an act or omission that occurred after January 1, 1975 – triggering complete preemption and vesting this Court with jurisdiction – or whether it is based on an act or omission that occurred before that date.

Metlife argues that ERISA controls this case because, in making its decision, it considered events that occurred after January 1, 1975: Barnett's divorce from Cheri sometime after 1974; Barnett and Cheri's remarriage in 1984; Barnett and Cheri's second divorce in 2003; Barnett and Pamela's marriage in 2003; a change of beneficiary form executed in 2003 naming Pamela as a beneficiary of Barnett's "Accidental Death & Dismemberment" benefits; and Barnett's death in 2004. (*See* Doc. 14, "Affidavit of Brian Merritt" at ¶¶ 4-8.) However, the record documents indicate that Metlife rejected the claims for benefits that were filed by Pamela and Barnett's estate, which claims were

based on the post-1975 events. (*See id.* at Exs. G-I.) In rejecting the claims, Metlife explained that the benefits decision was based on the "latest GE Basis Life beneficiary designation on file dated February 2, 1974." (*Id.* at Ex. G; *see also id.* at Ex. I.)

Metlife may have considered post-1975 events, but it appears that it did not base its decision on those "acts or omissions." To the extent such events did not "factor[] into" its decision, they are not relevant, *see Seaman,* 184 F. Supp. 2d at 645, and the complete preemption doctrine does not apply. *See Hansmann*, 326 F.3d at 765; *Stevens*, 979 F.2d at 450. Moreover, because the "the scope of ERISA jurisdiction is coterminous with the scope of ERISA preemption," *Stevens*, 979 F.2d at 450, this Court lacks subject matter jurisdiction and remand to the state court is required.

**IT IS THEREFORE RECOMMENDED THAT:**

The motion for remand (Doc. 12) be **GRANTED**, and this case be **REMANDED** to the Hamilton County, Ohio Court of Common Pleas. As no further matters are pending, this case should be **CLOSED**.

Date: 9/17/07                              s/Timothy S. Black
                                           Timothy S. Black
                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF BARRY BARNETT, *et al.*, | : | Case No. 1:06-cv-703 |
| | : | |
| Plaintiffs, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| | : | |
| METROPOLITAN LIFE | : | |
| INSURANCE CO., *et al.*, | : | |
| | : | |
| Defendants. | : | |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).